Peter R. Afrasiabi, Esq. (Bar No. 193336)
    pafrasiabi@onellp.com
John Tehranian, Esq. (Bar No. 211616)
    jtehranian@onellp.com
Ian H. Gibson, Esq. (Bar No. 273444)
    igibson@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
King Size Film Production, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| KING SIZE FILM PRODUCTION, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RILEY B. KING, P/K/A B.B. KING, an individual; KINGSID VENTURES, LTD, a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. SACV12-00532 AG (ANx)<br><br>**COMPLAINT FOR:**<br>1) **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK (15 U.S.C. § 1114(a) & 1125(a))**<br>2) **DECLARATORY JUDGMENT OF NON-DILUTION OF TRADEMARKS (15 U.S.C. § 1125(c))**<br>3) **DECLARATORY JUDGMENT OF NON-VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**<br>4) **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF RIGHTS OF PUBLICITY (CAL. CIV. CODE § 3344)**<br>5) **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF CALIFORNIA'S COMMON LAW RIGHTS OF PUBLICITY**<br>6) **DECLARATORY JUDGMENT OF NON-VIOLATION OF UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

20432.1

**COMPLAINT**

KING SIZE FILM PRODUCTION, INC. ("KSFP"), by and through its attorneys of record, complains against RILEY B. KING (P/K/A B.B. KING), KINGSID VENTURES, LTD, and DOES 1 through 10 (collectively, "BB" or "Defendants") as follows:

1.    Plaintiff KSFP brings this action in response to Defendants' heavy-handed and misguided attempts to prevent KSFP from proceeding with the production, distribution, public display, and marketing of a film currently entitled "B.B. King and I." Specifically, Defendants allege KSFP's proposed use of the term "B.B. King" and BB's name and likeness violate Defendants' rights and constitute, inter alia, trademark and right of publicity infringement, cybersquatting, and unfair competition. They have demanded Plaintiff immediately cease and desist with its efforts on the Film. To protect Plaintiff's basic First Amendment right to the tell the true story of Michael Zanetis's (the "I" in "B.B. King and I") life and his inspirational relationship with B.B. King, this declaratory relief action is, unfortunately, needed.

## JURISDICTION AND VENUE

2.    This is an action for, *inter alia*, declaratory relief under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* This Court has subject matter jurisdiction over Plaintiff's declaratory judgment claim pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark), and 2201 (declaratory judgment), and pursuant to 15 U.S.C. § 1121 (Lanham Act). This Court possesses supplemental jurisdiction for Plaintiff's non-infringement of right of publicity claims (Cal. Civ. Code § 3344) and non-infringement of unfair competition (Cal. Business and Professions Code § 17200) pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims brought herein as to form part of the same case or controversy.

3.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District and the Defendants may be found and/or transact business in this Judicial District. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the

20432.1

2

**COMPLAINT**

California Long-Arm Statute, Cal. Civ. Proc. Code, Section 413.10, and Fed. R. Civ. P. 4(e).

## PARTIES

4.  Plaintiff King Size Film Production, Inc. is a corporation formed and existing under the laws of California, with its principal place of business located in San Juan Capistrano, California.

5.  Plaintiff is informed and believes and, upon such, alleges that Riley B. King is an individual residing in Las Vegas, Nevada.

6.  Plaintiff is informed and believes and, upon such, alleges that Kingsid Ventures, LTD is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

7.  DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

### *Michael Zanetis's Life and His Relationship with BB King*

8.  The story of Michael Zanetis's life is inextricably interwoven with the story of his relationship with BB King.  In 1977, Zanetis and the love of his life, Denice, moved from the farmlands of Indiana to the beaches of California in pursuit of a dream—a career in the music business.  By that time, B.B. King had already firmly established himself as a global music icon.  As the veritable "King of Blues," he was and continues to be one of the most celebrated and acclaimed musicians in history.

9.      Through a chance meeting arranged (unbeknownst to Zanetis) by BB's son, Willie, in 1980, Zanetis and King would form an unlikely but enduring relationship—one that spanned over three decades and numerous high and low points in the lives of both individuals.

10.     Over the years, BB was involved in some of the most critical events—both triumphant and tragic—in Zanetis's life.  BB inspired Michael's career in the music industry, helped Michael cope with the untimely passing of his father, encouraged him in his business plans and even performed at the opening of Michael's Supper Club, the legendary venue through which Zanetis made his indelible mark on Southern California's sonic landscape.

11.     Meanwhile, Michael did his own small part to thank BB for all of his friendship and kindness.  In the days after the passing of BB's own father, Michael made a remarkable promise to BB:  that he would stop at nothing until BB was awarded a star on Hollywood's immortal Walk of Fame.  Although such recognition would represent an unusual, if not rare, honor for a blues musician, Michael would not relent and, ultimately, he delivered on his word.

12.     After battling for seven long years, Michael succeeded in his goal and made his touching gesture to BB.  The impact of Michael's work was clear to all.  At the 1990 Walk of Fame ceremony where BB received his star, he described the honor as one that "means more to me than all my Grammy's because I can share it with my fans."  As he explained, "I never dreamed that it would ever happen.  Now, just to think about that long after there's no more B.B. King alive…long after, people will be able to walk by say 'yeah, I remember the guy.'"  In commemoration of this incredible achievement, B.B. and Michael shared the stage together in a rousing and celebratory performance at a popular venue in Southern California, the Coach House.

13.     BB's star is a testament to both this extraordinary career and his remarkable friendship with Zanetis.  As BB would write to Zanetis in a letter dated June 26, 2008, "…I

1  consider Michael and Denice to be two of my closest friends.  They've always been there

2  for me."  Attached hereto as Exhibit A is a true and correct copy of that letter.

3

### *B.B. King and I:  The Script and Film*

4

5     14.   In or around 2006, while reflecting on a life rich with remarkable experiences,

6  challenges, and success, Zanetis decided to put pen to paper and drafted a screenplay about

7  his life.

8     15.   That screenplay, "B.B. King and I," tells the inspiring story of Zanetis's life,

9  his triumph in the music business, and the pivotal and inspiring role that BB's friendship

10  and mentorship played in his success.  In the process, the script charts how BB inextricably

11  changed the course of Zanetis's life and, remarkably, how Zanetis changed BB's.

12    16.   The screenplay and the planned movie that is based on it (collectively,

13  hereinafter, the "Film"), whose rights are held by Plaintiff, King Size Film Production, Inc.,

14  form the subject matter of this unfortunate dispute.

15    17.   As the title of the Film denotes, *B.B. King and I* tells the story of the life of

16  Michael Zanetis and his inspirational relationship with B.B. King.  The title is directly and

17  artistically relevant to the very subject matter of the Film.  As such, the title clearly does

18  not mislead as to the source or content of the Film.  Further, neither Zanetis nor the

19  Plaintiff has ever represented to the public that BB was affiliated, connected, or associated

20  with the Film in any way.  Neither Zanetis nor the Plaintiff has ever suggested to the public

21  that BB has participated in the origin of the Film or provided sponsorship or endorsement

22  of it.

23    18.   Despite these facts, a live and pending controversy has arisen about the legal

24  right to make and distribute the Film.

25

### *The Actual, Live Controversy over the Film*

26    19.   Beaming with excitement over the Film, Zanetis shared the script with BB.

27  BB encouraged Zanetis's efforts and even went so far as to autograph the cover page of the

28

20432.1

5

**COMPLAINT**

1  script, wishing Zanetis luck on the project.  Attached hereto as Exhibit B is a true and

2  correct copy of the script cover page autographed by BB.

3      20.   The Film was progressing as planned.  To that end, Zanetis formed Plaintiff,

4  King Size Film Productions (hereinafter "KSFP"), to produce the Film.

5      21.   KSFP procured the domain name www.bbkingandi.com to market the Film.

6      22.   Top talent, including several well known film and televisions actors and an

7  award-winning writer, signed on to the project.

8      23.   News of the notable attachments to the Film hit the Hollywood trade papers.

9  On or about May 18, 2011, *Daily Variety* announced that Wendall Pierce, star of the

10  critically acclaimed HBO series *The Wire* and *Treme*, would play the role of B.B. King and

11  that Patrick Fugit, star of the movie *Almost Famous*, would play the role of Michael

12  Zanetis.  Frank Capra III, the grandson of legendary writer and director Frank Capra (*It's a*

13  *Wonderful Life*), would co-produce.

14      24.   Unfortunately, it was shortly after this announcement that Michael Zanetis and

15  KSFP received a very different message from BB's representatives—one that was

16  fundamentally at odds with the explicit encouragement that BB had previously given to

17  Zanetis about the Film.  Specifically, on or about July 28, 2011, an attorney claiming to

18  represent BB, wrote a cease and desist letter to Zanetis and KSFP and alleged that the Film

19  violated, inter alia, (1) the Lanham Act by infringing on BB and Kingsid Ventures'

20  trademarks (which apparently include the marks B.B. KING and BBKING.com, registered

21  with the United States Patent and Trademark Office (USPTO) as Registration Nos.

22  1916879 and 2447991, respectively, for use in connection with entertainment services;

23  namely, live performances by a musical artist; providing on-line electronic bulletin boards

24  for transmission of messages among computer users pertaining to a solo recording artist;

25  and entertainment services, namely providing information related to, and audio and

26  audiovisual performances and interviews of a solo recording artist, by mean of a global

27  computer information network); (2) the Anticybersquatting Consumer Protection Act; and

28  (3) BB's publicity rights.

20432.1

6

**COMPLAINT**

25.     Attached hereto as Exhibit C is a true and correct copy of the cease-and-desist letter.

26.     Given the three decades of friendship shared between BB and Zanetis and the previous encouragement, if not outright approval, BB had given to the Film, the letter came as a complete surprise to Zanetis and KSFP.

27.     Defendants' demands to cease and desist KSFP's production and distribution of the Film have caused and continue to cause significant damage to KSFP's Film by, inter alia, substantially delaying production, clouding the Film's title, and obstructing KSFP's efforts to obtain further investment in the project.

28.     Defendants' position is a remarkable one—one that would radically alter the law and strike a severe blow to expressive and artistic freedom.  If would also deem as infringing many celebrated works across multiple creative mediums, including the Academy Award nominated movie *My Week with Marilyn*, Richard Linklater's critically acclaimed film *Me and Orson Welles*, Maroon 5 and Christina Aguilera's international pop hit "Moves Like Jagger" and Kim Carnes's Grammy Award winning classic "Bettie Davis Eyes."

29.     After several months of good faith attempts to amicably resolve this dispute without litigation, KSFP was regrettably left with no choice but to file the instant action.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement,

### 15 U.S.C. § 1114 & 15 U.S.C. § 1125(a))

30.     Plaintiff KSFP incorporates here by reference the allegations in paragraphs 1 through 29 above.

31.     An actual, live controversy now exists between the parties concerning KSFP's alleged use of the putative intellectual property rights of the Defendants in that KSFP has a real and reasonable apprehension of being sued for federal trademark infringement under the Lanham Act by Defendants for KSFP's alleged use of the mark B.B. KING and domain

name www.bbkingandi.com—acts that have regrettably brought KSFP into direct, adversarial conflict with Defendants.

32.   By virtue of Defendants' cease-and-desist letter, attached as Exhibit C, an actual controversy has arisen and exists between the parties. It is within the power of this court to resolve the controversy and federal question (trademark infringement) pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

33.   Defendants have claimed that they possess protectable trademark rights in the marks B.B. KING and BBKING.com in connection with certain enumerated services and that KSFP's alleged use of said marks in connection with the production and distribution of the Film infringe upon Defendants' rights.

34.   Defendants further assert that there is a likelihood of confusion between Defendants' claimed trademarks in certain services and KSFP's alleged use of the marks in connection with the Film, including but not limited to its use of the domain name www.bbkingandi.com. Defendants have directly accused Plaintiff of intentional trademark infringement and have created reasonable apprehension on the part of Plaintiff that Defendants will bring an action against Plaintiff for trademark infringement.

35.   Plaintiff asserts that its use of BB King's name, likeness, publicity rights, photographic images and trademarks is a lawful use and that it is not infringing in any way Defendants' claimed rights and, among other things, is not an infringing use of Defendants' purported marks and is squarely protected under the First Amendment to the United States Constitution and the *Rogers v. Grimaldi* test.

36.   As such, Defendants are attempting to exert and assert against Plaintiff rights which they do not possess and rights that are beyond the bounds of the trademarks purportedly granted by the USPTO, all in a manner that violates the basic rights of Plaintiff to tell the true story of Michael Zanetis's life and his inspiring relationship with B.B. King.

37.   Moreover, any reference to BB's name or likeness in connection with the title or content of the Film has artistic relevance because of BB's remarkable relationship with Zanetis and the profound impact of the relationship on pivotal moments in Zanetis's life.

20432.1

8

38.   No representations as to BB's endorsement, affiliation, connection, association, participation, sponsorship, or approval of the Film have been made by Zanetis or KSFP to the public.

39.   No sufficient and adequate alternative means to the use of BB's name and likeness in Zanetis's life story exist.  BB played a significant role in Zanetis's life and, thus, the Film accurately communicates that fact.

40.   By reason of the existence of an actual and justiciable controversy, KSFP is entitled to a declaratory judgment that its use of the terms "B.B. King and I" and www.bbkingandi.com: (i) do not infringe BB's claimed trademark in B.B. KING and BBKING.com or any common law rights it might have accrued through its use of said terms; (ii) do not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a); and (iii) do not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.   This Court's determination of the issues presented by the actual controversy between KSFP and Defendants will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties.  A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties, will afford them the security of knowing precisely what their respective rights are, and will prevent a multiplicity of actions that will arise if the parties continue on their present course of action without a judgment from this Court.  Declaratory relief is equitable, necessary and proper under the circumstances presented by this case.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Dilution, 15 U.S.C. § 1125(c))

42.   Plaintiff KSFP incorporates here by reference the allegations in paragraphs 1 through 41 above.

43.   An actual, live controversy now exists between the parties concerning any alleged dilution of the Defendants' trademarks by KSFP.  As such, KSFP is in direct, adversarial conflict with Defendants and has a real and reasonable apprehension of being

20432.1

9

1   sued for federal trademark dilution under the Lanham Act by Defendants for any alleged

2   dilution of the marks B.B. KING and BBKing.com.

3       44.   By virtue of Defendants' cease-and-desist letter, attached as Exhibit C, an

4   actual controversy has arisen and exists between the parties.  It is within the power of this

5   court to resolve the federal question (trademark dilution) controversy pursuant to the

6   Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7       45.   Defendants have claimed that they possess protectable trademark rights in the

8   marks B.B. KING and BBKING.com in connection with certain enumerated services.

9   With this suit, KSFP intends to resolve any alleged dilution of said marks in connection

10  with its production and distribution of the Film.

11      46.   Plaintiff asserts that its use of BB King's name, likeness, publicity rights,

12  photographic images and trademarks is a lawful use and that it is not infringing nor does it

13  blur or tarnish in any way Defendants' claimed rights and, among other things, Defendants'

14  purported marks and is squarely protected under the First Amendment to the United States

15  Constitution and the *Rogers v. Grimaldi* test.

16      47.   Therefore, any allegations of blurring or tarnishment would necessarily extend

17  against Plaintiff rights which Defendants do not possess and rights that are beyond the

18  bounds of the purported trademark granted by the USPTO, all in a manner that violates the

19  basic rights of Plaintiff to tell the true story of Michael Zanetis's life and his inspiring

20  relationship with B.B. King.

21      48.   Moreover, any reference to BB's name or likeness in connection with the title

22  or content of the Film has artistic relevance because of BB's remarkable relationship with

23  Zanetis and the profound impact of the relationship on pivotal moments in Zanetis's life.

24      49.   No representations as to BB's endorsement, affiliation, connection,

25  association, participation, sponsorship, or approval of the Film have been made by Zanetis

26  or KSFP to the public.

27      50.   No sufficient adequate alternative means to the use of BB's name and likeness

28  in Zanetis's life story exist.  BB played a significant role in Zanetis's life and, thus, the

20432.1                                      10

**COMPLAINT**

1  Film accurately communicates that fact.

2      51.   By reason of the existence of an actual and justiciable controversy, KSFP is

3  entitled to a declaratory judgment that its use of the terms "B.B. King and I" and

4  www.bbkingandi.com do not violate Section 43(c) of the Lanham Act, 15 U.S.C. §

5  1125(c).

6      52.   This Court's determination of the issues presented by the actual controversy

7  between KSFP and Defendants will afford relief from the uncertainty, insecurity and

8  controversy with respect to the rights, status and legal relations between the parties.  A

9  declaration of the parties' respective rights will settle the conflicting and disputed claims

10  of the parties, will afford them the security of knowing precisely what their respective

11  rights are, and will prevent a multiplicity of actions that will arise if the parties continue

12  on their present course of action without a judgment from this Court.  Declaratory relief

13  is equitable, necessary and proper under the circumstances presented by this case.

14

15  **THIRD CLAIM FOR RELIEF**

16  **(Declaratory Judgment of Non-Violation of**

17  **Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

18      53.   Plaintiff KSFP incorporates here by reference the allegations in paragraphs 1

19  through 52 above.

20      54.   An actual, live controversy now exists between the parties concerning KSFP's

21  registration and operation of www.bbkingandi.com in that KSFP has a real and reasonable

22  apprehension of being sued for cybersquatting pursuant to 15 U.S.C. § 1125(d).

23      55.   By virtue of Defendants' cease-and-desist letter, attached as Exhibit C, an

24  actual controversy has arisen and exists between the parties.  It is within the power of this

25  court to resolve the federal question (Anticybersquatting) controversy pursuant to the

26  Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

27      56.   Defendants have claimed that they possess protectable trademark rights in the

28  marks B.B. KING and BBKING.com in connection with certain enumerated services and

that KSFP's alleged use of said marks in connection with the domain name www.bbkingandi.com infringe upon Defendants' rights by, among other things, violating the Anticyberquatting Consumer Protection Act.

57.   Plaintiff asserts that its registration and operation of www.bbkingandi.com is a lawful use that is not infringing in any way Defendants' claimed rights or marks and, inter alia, is squarely protected under the First Amendment to the United States Constitution and the *Rogers v. Grimaldi* test.

58.   The domain name www.bbkingandi.com was not registered with the bad faith intent to profit from the B.B. KING or www.bbking.com marks.  To the contrary, the domain name at issue was registered to serve as a means of communicating information regarding the Film with which it shares its name.  Any reference to BB's name, likeness or Defendants' purported marks in the domain name at issue has substantial artistic relevance to the story of Zanetis's personal experiences and, as such, does not mislead as to the site's origin or content.

59.   Furthermore, the marks are sufficiently different from one another such that www.bbkingandi.com is not identical, confusingly similar to, or dilutive of www.bbking.com.

60.   Plaintiff's domain name was not registered with the intent to divert consumers from Defendants' web properties.  Nor has Plaintiff's domain name harmed the goodwill associated with Defendants' marks, tarnished or disparaged the marks, or created a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of www.bbkingandi.com.

61.   Plaintiff's website contains no representations as to BB's endorsement, affiliation, connection, association, participation, sponsorship, or approval of the Film.

62.   By reason of the existence of an actual and justiciable controversy, KSFP is entitled to a declaratory judgment that its registration and operation of www.bbkingandi.com does not violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

20432.1

12

**COMPLAINT**

63.   This Court's determination of the issues presented by the actual controversy between KSFP and Defendants will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties.  A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties, will afford them the security of knowing precisely what their respective rights are, and will prevent a multiplicity of actions that will arise if the parties continue on their present course of action without a judgment from this Court.  Declaratory relief is equitable, necessary and proper under the circumstances presented by this case.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of Defendants' Rights of Publicity, Cal. Civ. Code § 3344)**

64.   Plaintiff KSFP incorporates here by reference the allegations in paragraphs 1 through 29 above.

65.   An actual, live controversy now exists between the parties concerning KSFP's activities in connection with the Film in that KSFP has a real and reasonable apprehension of being sued for infringing BB's publicity rights pursuant to California Civil Code § 3344.

66.   By virtue of Defendants' cease-and-desist letter, attached as Exhibit C, an actual controversy has arisen and exists between the parties.  It is within the power of this court to resolve this State law (right of publicity) controversy pursuant to 28 U.S.C. § 1367(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

67.   Defendants have claimed that KSFP's alleged use of BB's name, likeness, photographic images and Defendants' trademarks constitutes a willful and intentional infringement of BB's publicity rights, among other things.

68.   Plaintiff asserts that its use of Defendants' publicity rights, name, likeness, photographic images and trademarks is a lawful use and that it is not infringing in any way Defendants' claimed rights and, among other things, does not violate BB's statutory right of publicity and is squarely protected under the First Amendment to the United States

20432.1

13

**COMPLAINT**

1   Constitution.

2       69.     Specifically, the alleged violation is in connection with the production release

3   of a film—principally a core creative endeavor, not a commercial one.  Further, the Film is

4   an interpretation of Michael Zanetis's true-life events—a life in which BB played a

5   significant role.  The Film does not defame or invade the privacy rights of Defendants or

6   anyone else.  Therefore, it is well within Zanetis's First Amendment protections to tell his

7   life story.

8       70.     No representations as to BB's endorsement, affiliation, connection,

9   association, participation, sponsorship, or approval of the Film have been made by Zanetis

10  or KSFP to the public.

11      71.     No sufficient adequate alternative means to the use of BB's name and likeness

12  in Zanetis's life story exist.  BB played a significant role in Zanetis's life and, thus, the

13  Film accurately communicates that fact.

14      72.     By reason of the existence of an actual and justiciable controversy, KSFP is

15  entitled to a declaratory judgment that its use of or reference to BB's name, likeness,

16  photographic image or trademarks <u>does not</u> violate BB's statutory right of publicity,

17  Cal. Civ. Code § 3344.

18      73.     This Court's determination of the issues presented by the actual controversy

19  between KSFP and Defendants will afford relief from the uncertainty, insecurity and

20  controversy with respect to the rights, status and legal relations between the parties.  A

21  declaration of the parties' respective rights will settle the conflicting and disputed claims

22  of the parties, will afford them the security of knowing precisely what their respective

23  rights are, and will prevent a multiplicity of actions that will arise if the parties continue

24  on their present course of action without a judgment from this Court.  Declaratory relief

25  is equitable, necessary and proper under the circumstances presented by this case.

26  / / /

27  / / /

28  / / /

**COMPLAINT**

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of Defendants'
### Common Law Rights of Publicity)

74.     Plaintiff KSFP incorporates here by reference the allegations in paragraphs 1 through 29 and 64 through 73 above.

75.     An actual, live controversy now exists between the parties concerning KSFP's activities in connection with the Film in that KSFP has a real and reasonable apprehension of being sued for infringing BB's common law publicity rights.

76.     By virtue of BB's cease-and-desist letter, attached as Exhibit C, an actual controversy has arisen and exists between the parties.  It is within the power of this court to resolve this State law (common law publicity rights) controversy pursuant to 28 U.S.C. § 1367(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

77.     Defendants have claimed that KSFP's alleged use of BB's name, likeness, photographic image and BB's trademarks constitutes a willful and intentional infringement of BB's common law publicity rights, among other things.

78.     Plaintiff asserts that its use of BB's publicity rights, name, likeness, photographic images and trademarks is a lawful use and that it is not infringing in any way Defendants' claimed rights and, among other things, does not violate Defendants' common law right of publicity and is squarely protected under the First Amendment to the United States Constitution.

79.     The alleged violation is in connection with the production and release of a film—principally a core creative endeavor, not a commercial one.  Further, the Film is an interpretation of Michael Zanetis's true-life events—a life in which BB played a significant role.  The Film does not defame or invade the privacy rights of Defendants or anyone else. Therefore, it is well within Zanetis's First Amendment protections to tell his life story.

80.     No representations as to BB's endorsement, affiliation, connection, association, participation, sponsorship, or approval of the Film have been made by Zanetis or KSFP.

15

**COMPLAINT**

81.   No sufficient adequate alternative means to the use of BB's name and likeness in Zanetis's life story exist.  BB played a significant role in his life and, thus, the Film accurately communicates that fact.

82.   By reason of the existence of an actual and justiciable controversy, KSFP is entitled to a declaratory judgment that its use of or reference to BB's name, likeness, photographic image or trademarks <u>does not</u> violate BB's common law right of publicity.

83.   This Court's determination of the issues presented by the actual controversy between KSFP and Defendants will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties.  A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties, will afford them the security of knowing precisely what their respective rights are, and will prevent a multiplicity of actions that will arise if the parties continue on their present course of action without a judgment from this Court.  Declaratory relief is equitable, necessary and proper under the circumstances presented by this case.

## SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Violation of Unfair Competition,**
**Cal. Business & Professions Code § 17200)**

84.   Plaintiff KSFP incorporates here by reference the allegations in paragraphs 1 through 83 above.

85.   An actual, live controversy now exists between the parties concerning KSFP's activities in connection with the Film in that KSFP has a real and reasonable apprehension of being sued by BB for an alleged violation of California Business & Professions Code § 17200.

86.   By virtue of BB's cease-and-desist letter, attached as Exhibit C, an actual controversy has arisen and exists between the parties.  It is within the power of this court to resolve this State law controversy pursuant to 28 U.S.C. § 1367(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

20432.1

16

**COMPLAINT**

87.     Defendants have claimed that they possess protectable trademark rights in the mark B.B. KING and BBKING.com in connection with certain enumerated services and that KSFP's alleged use of said marks in connection with the release of the Film, the registration and operation of www.bbkingandi.com, and the use of BB's name, likeness, photographic images, publicity rights and biographical information constitute a violation of § 17200.

88.     Plaintiff asserts that its use of Defendants' publicity rights, name, likeness, photographic images and trademarks is a lawful use and that it is not infringing in any way Defendants' claimed rights and, among other things, does not constitute an unlawful, unfair or fraudulent business practice and is squarely protected under the First Amendment to the United States Constitution.  In addition, Plaintiff asserts that no unfair, deceptive, untrue or misleading advertising has occurred.

89.     The Film is a creative expression interpreting the real life events of Michael Zanetis—a long time friend of BB.  The Film's title and Plaintiff's domain name accurately reflect the Film's origin and content.

90.     Moreover, any use of Defendants' publicity rights, name, likeness, photographic images, biographical information and trademarks in the context of the Film are constitutionally protected core creative speech.

91.     No representations as to BB's endorsement, affiliation, connection, association, participation, sponsorship, or approval of the Film have been made by Zanetis or KSFP to the public.

92.     By reason of the existence of an actual and justiciable controversy, KSFP is entitled to a declaratory judgment that its use of Defendants' name, likeness, photographic images, biographical information and marks in the Film, its title or www.bbkingandi.com do not violate California Business and Professions Code § 17200.

93.     This Court's determination of the issues presented by the actual controversy between KSFP and Defendants will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties.  A

**COMPLAINT**

1  declaration of the parties' respective rights will settle the conflicting and disputed claims

2  of the parties, will afford them the security of knowing precisely what their respective

3  rights are, and will prevent a multiplicity of actions that will arise if the parties continue

4  on their present course of action without a judgment from this Court.  Declaratory relief

5  is equitable, necessary and proper under the circumstances presented by this case.

6

7                          **PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiff requests judgment against Defendants:

9        1.      Declaring that KSFP's use of the title "B.B. King and I", domain name

10  www.bbkingandi.com, and its use of or reference to BB's name, likeness, photographic

11  images, biographical information and trademarks in the Film:

12                  a.  <u>do not</u> infringe Defendants' registered or unregistered trademarks or

13                      any common law rights it may have accrued;

14                  b.  <u>do not</u> violate any provision in Section 32 of the Lanham Act, 15

15                      U.S.C. § 1114(1)(a);

16                  c.  <u>do not</u> any provision in violate Section 43(a) of the Lanham Act, 15

17                      U.S.C. § 1125(a);

18                  d.  <u>do not</u> violate any provision in Section 43(c) of the Lanham Act, 15

19                      U.S.C. § 1125(c);

20                  e.  <u>do not</u> violate any provision in Section 43(c) of the Lanham Act, 15

21                      U.S.C. § 1125(d);

22                  f.  <u>do not</u> violate any provision in Cal. Civ. Code § 3344(d);

23                  g.  <u>do not</u> violate Defendants' common law rights of publicity;

24                  h.  <u>do not</u> violate any other federal or state law.

25        2.      Declaring that:

26                  a.  Plaintiff has the right to proceed with the production, distribution,

27                      public display, public performance and any other use of of the film

28

20432.1                                18

                              **COMPLAINT**

currently entitled "BB King and I," and the screenplay upon which it is based, without limitations or restrictions by Defendants;

    b. Plaintiff has the right to continue to own, operate and use the website www.bbkingandi.com without limitations or restrictions by Defendants;

3. Awarding damages, including treble damages, in an amount to be determined at trial;

4. Awarding costs of suit herein and reasonable attorneys' fees; and

5. Awarding Plaintiff any such other and further relief as the Court may deem just and appropriate.

Dated:  April 6, 2012

          **ONE LLP**

          By: _____

          John Tehranian, Esq.
          Peter R. Afrasiabi, Esq.
          Ian H. Gibson, Esq.
          Attorneys for Plaintiff,
          King Size Film Productions, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff King Size Film Production, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated:  April 6, 2012

ONE LLP

By: _____
John Tehranian, Esq.
Peter R. Afrasiabi, Esq.
Ian H. Gibson, Esq.
Attorneys for Plaintiff,
King Size Film Productions, Inc.

20432.1

20

**COMPLAINT**

"...I consider Michael and Denice to be two of my closest friends. They've always been there for me."

B.B. King
June 26, 2008



# *B.B. King and I*

### Based On A True Story

Written by
Michael Zanetis
&
Melora Donoghue

First Draft
12/4/06





# ARTHUR L. WILLIAMS, JR., ESQ

Attorney at Law
3190 Westwind Road
Las Vegas, NV 89146
Tel. (702) 873-6236, Fax (702) 220-3252

July 28, 2011

Mr. Michael Zanetis
31862 Via Puntero
San Juan Capistrano, CA 92675
bbkingand1@gmail.com

King Size Film Productions, Inc.
32302 Camino Capistrano, Ste. 203
San Juan Capistrano, California, 92675
ATTN: Mr. Rick Blake

RE: Use of B.B. King's name, likeness, image and trademarks

Dear Mr. Zanetis and Mr. Blake:

I represent Mr. Riley B. King, professionally known as B.B. King. As you undoubtedly know, Mr. King has gained substantial international notoriety as a performing and recording artist and has multiple United States federal trademark registrations for B.B. KING and BBKING.COM (Reg. Nos. 2447991, 1916879 and others), including, but not limited to, for use in connection with providing information related to B.B. King by means of a the internet (the foregoing, and all other related marks, the "Marks"). Mr. King has also expended extensive time and resources advertising and promoting goods and services under the Marks and, as a result, the Marks and the goodwill they represent are extremely valuable assets.

I have been made aware of your advertising of a film that utilizes Mr. King's name in the title (the "Film"). I have also been made aware of your registration and operation of www.bbkingand1.com, which uses the name, likeness, biographical information and Marks of my client (the "Domain").

In the absence of valid, written agreements granting to you the right to use Mr. King's name, likeness, publicity rights, photographic images and the Marks, the advertising, distribution and/or sale of the Film constitutes a willful and intentional infringement of our clients' publicity rights and other rights granted to him under United States Federal and State laws and common law, including, without limitation, violation of Section 43 of the Lanham Act. Additionally, the Anticybersquatting Consumer Protection Act prohibits the registration of a domain name consisting of a given trademark or personal name by a third party other than the owner of that trademark or name and empowers the owner to obtain injunctive relief, damages (both compensatory and punitive), reimbursement of costs and attorneys fees. Your use of Mr. King's name, likeness, publicity rights, photographic images and the Marks in connection with the Film and the Domain may lead consumers to erroneously believe that you are somehow associated with or sponsored by Mr. King. Moreover, you have not received permission from Mr. King to use his name as part of a Film or Domain and, as such, your actions are illegal and constitute trademark infringement, unfair competition, cybersquatting and a violation of other rights held by my client.

Accordingly, this letter will serve as an official demand and instruction that you immediately:

(1) remove Mr. King's name from the title of the Film and from all advertising, promotion, distribution and/or sale of the Film;

(2) remove all resemblances of Mr. King from your websites, including the Domain;

TN58932 1
210088-10001

(3)     cease and desist from all uses of Mr. King's name as a part of a domain name and in connection with any website or other business, including, but not limited to the Domain;

(4)     agree in writing that you will not use B.B. KING as part of any domain name or in connection with any website, business, goods or services, including, but not limited to the Film and all other audiovisual works, by causing Mr. Michael Zanetis and an authorized signatory of King Size Film Productions, Inc. to sign this letter where indicated below and returning it to me; and

(5)     promptly transfer to my client, the Domain and all other domains registered by you which embody the name of our client.

I request that you contact me within five (5) days from the date hereof.  Meanwhile, this letter is not intended as a complete statement of facts, and nothing contained herein or omitted herefrom is not intended as, nor should be deemed to constitute, an admission of any fact, or a waiver, relinquishment or limitation of any of our client's present or future rights or remedies, whether legal, equitable or otherwise, as all are reserved.

Sincerely,

Arthur Williams

**ACKNOWLEDGED AND AGREED:**

_____
King Size Film Productions, Inc.
By:
Its:

_____
Michael Zanetis
SS#:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>KING SIZE FILM PRODUCTION, INC., a California corporation | **DEFENDANTS**<br>RILEY B. KING, P/K/A B.B. KING, an individual; KINGSID VENTURES, LTD, a Delaware corporation; and DOES 1-10, inclusive |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>ONE LLP, 4000 MacArthur Blvd., West Tower, Suite 1100, Newport Beach, CA 92660; Tel: 949-502-2870; Fax: 949-258-5081 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Please see Attachment A.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

### SACV12-00532 AG (ANx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

   CIVIL COVER SHEET   

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                      ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                      ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date April 6, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## Attachment A: Causes of Action

1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK (15 U.S.C. § 1114(a) & 1125(a))

2) DECLARATORY JUDGMENT OF NON-DILUTION OF TRADEMARKS (15 U.S.C. § 1125(c))

3) DECLARATORY JUDGMENT OF NON-VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

4) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF RIGHTS OF PUBLICITY (CAL. CIV. CODE § 3344)

5) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF CALIFORNIA'S COMMON LAW RIGHTS OF PUBLICITY

6) DECLARATORY JUDGMENT OF NON-VIOLATION OF UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 532 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY